**Francisco J. RODRIGUEZ–VILLANUEVA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76542.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed Sept. 12, 2007.

Christopher J. Stender, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ernesto H. Molina, Jr., Esq., Barry J. Pettinato, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY **, District Judge.

MEMORANDUM ***

Francisco J. Rodriguez–Villanueva ("Rodriguez") petitions for review of a final order of removal, arguing that the Board of Immigration Appeals ("BIA") erred in affirming the immigration judge's ("IJ") determination that Rodriguez's conviction under Arizona Revised Statute § 28–1383(A)(1) for driving a vehicle with a suspended license while intoxicated was a conviction involving "moral turpitude." Rodriguez has conceded that he is removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(1)(2)(A)(i). Based on his aggravated DUI conviction, the BIA concluded that Rodriguez was ineligible for cancellation of removal. Because the parties are familiar with the facts and procedural history, we do not restate them here.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In a recently filed opinion in *Marmolejo–Campos v. Gonzales,* 04–76644, we held that convictions under Arizona Revised Statute § 28–1383(A)(1) are crimes of moral turpitude. Rodriguez is therefore ineligible for cancellation of removal.

**DENIED.**

D.W. NELSON, Senior Circuit Judge, Dissenting:

I respectfully dissent for the reasons stated in my dissent from the panel's opinion in *Marmolejo–Campos v. Gonzales,* 503 F.3d 922 (9th Cir.2007).